# EXHIBIT 1

# EXHIBIT 1

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: January 27, 2017 4:43 PM<br>FILING ID: FE04C44D788FD<br>CASE NUMBER: 2017CV30377 |
| JULIE ANN MEADE, ADMINISTRATOR, UNIFORM CONSUMER CREDIT CODE,<br><br>Plaintiff,<br><br>v.<br><br>AVANT OF COLORADO LLC d/b/a AVANT, and AVANT INC.,<br><br>Defendants. | ▲ COURT USE ONLY ▲ |
| CYNTHIA H. COFFMAN, Attorney General<br>NIKOLAI N. FRANT, #38716*<br>Senior Assistant Attorney General<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway, 6th Floor<br>Denver, Colorado 80203<br>Phone Number: 720-508-6111<br>FAX Number:   720-508-6033<br>Email:  nikolai.frant@coag.gov<br>*Counsel of Record | Case No.<br><br>Courtroom |
| **COMPLAINT** | |

Plaintiff Julie Ann Meade, Administrator, Uniform Consumer Credit Code ("the Administrator"), by and through the undersigned counsel, for her complaint against Avant of Colorado LLC d/b/a Avant and Avant Inc., alleges as follows:

## I. PARTIES

1. The Administrator is the duly appointed Administrator of the Uniform Consumer Credit Code ("the UCCC"). She is authorized to enforce compliance with the UCCC, *see* C.R.S. §§ 5-6-101, *et seq.*, and may bring a civil action against those who make or collect charges in excess of those permitted by the UCCC. In such action, the Administrator may seek injunctive relief to restrain persons from violating the UCCC, obtain consumer restitution, and collect civil penalties for violations of the UCCC. *See* C.R.S. §§ 5-6-111, 5-6-112, 5-6-113, and 5-6-114.

2. Defendant Avant of Colorado LLC d/b/a Avant ("Avant of CO") is a foreign limited liability company organized under the laws of Delaware. Avant of CO identifies its principal place of business as 222 N. LaSalle Street, Suite 1700, Chicago, Illinois 60601. Avant of CO is licensed by the Administrator as a Colorado supervised lender, license number 991833. Avant of CO was formerly known as AvantCredit of Colorado, LLC. Avant of CO is a wholly-owned and wholly-operated subsidiary of Avant Inc.

3. Defendant Avant Inc. is a foreign corporation organized under the laws of Delaware. Avant Inc. identifies its principal place of business as 222 N. LaSalle Street, Suite 1700, Chicago, Illinois 60601. Avant Inc. was formerly known as Avant Credit Corporation.

## II.  FACTS

A.  <u>Avant of CO's Supervised Lender's License</u>

4. Avant of CO applied with the Administrator for a Colorado supervised lender's license in March 2013.

5. In its application for a Colorado supervised lender's license, Avant of CO stated that it expected to engage in: (1) making (i.e., originating) small installment loans of $1,000 or less (per C.R.S. § 5-2-214,); and (2) making (i.e., originating) unsecured loans or loans secured by personal property and/or autos.

6. Avant of CO is licensed by the Administrator as a Colorado supervised lender, license number 991833.

B.  <u>The Avant Loans</u>

7. Consumers can apply for and obtain loans via a website ("the Avant website") that has the following internet address: https://www.avant.com/.

8. Avant Inc. owns and operates the Avant website.

9. The Avant website describes the loan products that are available through the Avant website ("the Avant loans") as follows: "Avant currently provides access to standard consumer installment loans with an Avant twist."

10. The Avant loans are loans that are made or arranged by a business entity that is regularly engaged in the business of making loans.

11. The Avant loans are made to consumers who are individuals, as opposed to business entities.

12. By receiving the Avant loans, consumers incur debt, and the debt is incurred primarily for personal, family, or household purposes.

13. The debt that consumers incur as a result of the Avant loans is by written agreement payable in installments and a finance charge is made.

14. The principal loaned to consumers who receive Avant loans does not exceed $75,000.

15. Avant loans are made to consumers who are residents of Colorado (hereinafter "the Colorado Avant Loans").

16. The residents of Colorado who have received Colorado Avant Loans have received the loans from a creditor who has solicited or advertised the Colorado Avant Loans in Colorado.

17. From approximately May 2014 through the present, Avant of CO and Avant Inc. have acted as a "creditor," as defined in C.R.S. § 5-1-301(17), with respect to Colorado Avant Loans.

18. From approximately May 2014 through the present, Avant of CO and Avant Inc. have made charges to Colorado consumers on Colorado Avant Loans.

19. From approximately September 2014 through the present, Avant of CO and Avant Inc. have undertaken direct collection of payments from or enforcement of rights against consumers arising from Colorado Avant Loans.

20. Avant Inc. and Avant of CO have made or collected charges from consumers on Colorado Avant Loans which exceed the maximum finance charges that are permitted for supervised loans under Colorado law.

21. The written agreements evidencing Colorado Avant Loans state: "You will be charged a late fee of $25.00 if any scheduled payment is not paid in full within 10 days after its due date."

22. Avant Inc. and Avant of CO have made or collected delinquency charges on Colorado Avant Loans when consumers have not made a payment on Colorado Avant Loans by the scheduled due date.

23. Avant Inc. and Avant of CO have made or collected a delinquency charge of $25.00 as a result of a consumer's late payment on a Colorado Avant Loan.

24. The written agreements evidencing Colorado Avant Loans state, "[T]o the extent that state law applies [to this Agreement], the laws of the state of Utah"

3

apply.

C. <u>Financing the Avant Loans</u>

25. Avant Inc. utilizes a hybrid approach to finance money that is advanced to the consumers who receive the Avant loans. From 2015 through the second quarter of 2016, Avant Inc. financed 100% of the Avant loans through an allocation process where 45% of the Avant loans were sold to institutional investors and where Avant Inc. retained 55% of the Avant loans on its balance sheet.

26. Avant Inc. maintains committed, multiyear warehouse liquidity that Avant Inc. uses to fund the origination of Avant loans.

27. As of June 30, 2016, Avant Inc. had over $900 million available, in the form of committed warehouse lines, to fund the origination of Avant loans.

28. As of June 30, 2016, Avant Inc. had $92 million available, in the form of unrestricted cash and loan purchase programs with institutional investors, to fund the origination of Avant loans.

29. As of August 2, 2016, Avant Inc. had retained approximately $1.6 billion of Avant loans as its own assets.

30. As of August 2, 2016, Avant Inc. had sold approximately $1.3 billion of Avant loans to institutional investors.

31. Beginning in the second quarter of 2016, Avant Inc. tightened the underwriting criteria that it used when determining which Avant loan applicants would receive loans and the terms that would apply to such loans. Avant tightened the underwriting criteria in order to reduce the default rate of Avant loans that served as the collateral that backed an Avant Inc. securitization. The securitization is referred to by Avant Inc. as ACNT 2016-C.

D. <u>The Administrator's Compliance Examination</u>

32. In January 2016, the Administrator conducted a compliance examination of Avant of CO, pursuant to the statutory authority set forth in C.R.S. § 5-2-305.

33. By a report of examination dated January 11, 2016, the Administrator informed Avant of CO, amongst other things, that Avant of CO was charging finance charges and delinquency charges that violated Colorado law and that the loan agreements for the Colorado Avant Loans contracted for the application of Utah law, in violation of Colorado law.

34. In the report of examination, the Administrator directed Avant of CO to make refunds to consumers of certain excess charges and fees and to apply Colorado law instead of Utah law with respect to loan agreements with Colorado consumers.

35. Avant of CO has refused to take corrective actions directed by the Administrator in her report of examination with respect to excess finance charges, excess delinquency charges, and provisions in consumer agreements contracting for the application of Utah law.

### III.  FIRST CLAIM FOR RELIEF
### EXCESS CHARGES

36. The Administrator repeats and realleges paragraphs 1 through 35, above, as if alleged herein.

37. Avant Inc. and Avant of CO have charged, assessed, collected, or received finance charges and delinquency charges in connection with Colorado consumer loans that exceed the finance charges authorized and allowable under C.R.S. § 5-2-201 and the delinquency charges authorized and allowable under C.R.S. § 5-2-203.

### IV.  SECOND CLAIM FOR RELIEF
### UNLAWFUL CHOICE OF LAW PROVISION

38. The Administrator repeats and realleges paragraphs 1 through 37, above, as if alleged herein.

39. The written agreements evidencing Colorado Avant Loans include terms that purport to provide that the law of a state other than Colorado applies, in violation of C.R.S. § 5-1-201(8).

WHEREFORE, the Administrator demands judgment:

(i) preliminarily and permanently enjoining Avant Inc. and Avant of CO, and their officers, directors, agents, servants, employees, attorneys, heirs, successors, and assigns, from committing any of the practices, acts, conduct, transactions, or violations described above, or otherwise violating the UCCC, together with all such other relief as may be required to completely compensate or restore to their original position all consumers injured or prevent unjust enrichment of any person, by reason or through the use or employment of such practices, acts, conduct, or violations, or as may otherwise be appropriate, including, without limitation, requiring Avant Inc. and Avant of CO to disgorge to the Administrator or make restitution to consumers of all amounts charged, assessed, collected, or received in violation of the UCCC;

      (ii) for every consumer credit transaction as may be determined at trial or otherwise in which a consumer was charged an excess charge in violation of the UCCC, ordering Avant Inc. and Avant of CO to refund to each such consumer the excess charge;

      (iii) for every consumer credit transaction as may be determined at trial or otherwise in which a consumer was charged an excess charge, ordering Avant Inc. and Avant of CO to pay to each such consumer a civil penalty determined by the Court not in excess of the greater of either the amount of the finance charge or ten times the amount of the excess charge;

      (iv) ordering Avant Inc. and Avant of CO to pay to the Administrator a civil penalty determined by the Court within the limits set forth by statute;

      (v) awarding pre- and post-judgment interest to the Administrator, as may be allowed by contract, law, or otherwise; and

      (vi) awarding the Administrator the costs and disbursements of this action, including attorney's fees, together with all such further relief as the Court deems just.

DATED:      January 27, 2017

                                      CYNTHIA H. COFFMAN
                                      Attorney General

                                      /s/ *Nikolai N. Frant*
                                    NIKOLAI N. FRANT, 38716*
                                    Senior Assistant Attorney General
                                    Consumer Credit Unit
                                    Consumer Protection Section
                                    Attorneys for Plaintiff
                                    *Counsel of Record

Plaintiff's Address:

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203